UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES COMINSKY, | ) | CASE NO. 1:16 CV 2421 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JUDGE H.F. INDERLIED, JR., | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff James J. Cominsky brings this action against Defendant Lake County Court of Common Pleas Judge H.F. Inderlied (Ret.), seeking "Emergency Prohibitory Injunction and/or Quia Timet Injunction." Plaintiff alleges in his Complaint that Judge Inderlied is violating the Ohio Rules of Professional Conduct by declining to recuse himself from a case in which Plaintiff is a party. Plaintiff asks this Court to remove Judge Inderlied from that case.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned,

the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid claim, *see*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Further, the issues raised by Plaintiff are exclusively within the province of the Ohio Supreme Court - *see*, Ohio Rev.Code § 2107.03 and Ohio Supreme Court Gov. Jud. R. II, sec. 2. - and this Court thus lacks subject matter jurisdiction. *Cf. Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970) (federal court may not direct state courts or their judicial officers in the performance of their duties). This case is therefore subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Based on the foregoing, this case is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 10/19/16